### MILTON CHASNOFF v. JAMES V. PORTO ET AL.

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 73156

Memorandum filed January 10, 1950.

*Nelson Harris,* of New Haven, for the Plaintiff.

*Charles V. James,* of Norwich, and *James F. Rosen,* of New Haven, for the Defendants.

O'SULLIVAN, J. This demurrer presents as its main problem the question of the legality of Burke's action when, while acting as an assistant clerk of the Superior Court, he issued a pluries execution before an outstanding alias execution had been returned.

Strange as it may seem, there is little law to be found on this question. Perhaps the fullest statement appears in Freeman, Executions (3rd Ed.) § 49. The principle which seems to have the fairest tinge is that it is irregular to issue an alias execution until the outstanding one is returned. If the latter has been lost or destroyed, the officer should so state in a proper affidavit by way of return.

The principle is strengthened in this case by a rule of court (Practice Book § 399) referring to motions to reargue cases before the Supreme Court. The pluries execution was issued within ten days following the handing down by the Supreme Court of an opinion in a case which sought injunctive relief against the outstanding execution I have referred to above. A clerk at his peril will issue an execution within such ten days, whether a motion to reargue is filed or not.

In view of the foregoing, the demurrer must be overruled.